LAURETTE AYER, administratrix, *vs.* NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY.

A policy of life insurance, conditioned that the insured should not, without the written consent of the insurers first obtained, engage in sea service, had annexed to it a permit to engage in sea service on "the prior payment any year of an additional premium;" and the insured paid the first additional premium. *Held,* that the policy was forfeited by the continuance of the insured in sea service for more than a year without payment of another additional premium.

CONTRACT, by the administratrix of the estate of George F. Ayer, on a policy issued by the defendants upon the life of her intestate, dated August 4, 1869. The policy acknowledged receipt of the first annual premium, stipulated for the payment of the other annual premiums before August 4 of each year, and contained a condition that the insured should not, without consent of the insurers previously obtained in writing, personally engage "in working a steam-engine as engineer, fireman, or in a similar capacity, or as a mariner, engineer or fireman upon service on any sea or inland waters;" and there was annexed to it the following permit, dated August 7, 1869 : "On the prior payment any year of an additional premium of five dollars" the insured "has liberty to navigate as mariner or officer between Boston, Philadelphia and Baltimore."

The case was submitted to the judgment of the superior court, and, on appeal, of this court, on an agreed statement of facts, of which all that is now material was as follows : Upon the delivery of the policy to the insured, he paid the first annual premium thereon, and also five dollars on the permit, but never paid anything more on either. During the summer and autumn of 1870, until December, he was employed as engineer on a steamboat running between Boston and Hingham. He died in March 1871.

*L. M. Child,* for the plaintiff.

*G. W. Baldwin,* for the defendant.

COLT, J. The policy was terminated in the lifetime of the intestate by the violation of an express condition in it which forbids the insured from personally engaging "in working or man

aging a steam engine as engineer, fireman, or in a similar capacity, or as a mariner, engineer or fireman upon service on any sea or inland waters." This was a condition which the insurers had a right to make one of the terms of the contract. It was assented to by the insured, and is binding upon him unless waived expressly or by implication. The permit was a waiver of the condition only to the precise extent and in the precise form stated in it. The leave given to the intestate to act as engineer expired in August 1870, and was not renewed. Nor was any premium after the first ever paid for the increased risk attending that employment, and yet he continued to be engaged in the forbidden and hazardous business until December following.

There is no pretence of a waiver by implication such as would arise from a receipt of premium after a breach has occurred of which the company either had or ought to have had knowledge. There was never any payment of premium here except the first.

This violation of the contract of insurance worked an absolute forfeiture of the right of the insured under the policy, and one against which the St. of 1861, *c.* 186, affords no relief. Without considering the other points discussed, upon this ground alone

*Judgment must be for the defendants.*